**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **JAMES G. WOODSON**, *et al.*, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 5:07-0782** |
| | ) | |
| **C.J. TUEBERT**, *et al.*, | ) | |
| | ) | |
| **Defendant.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On December 4, 2007, Plaintiff,[1] acting *pro se* and incarcerated at Huttonsville Correctional Center, in Huttonsville, West Virginia, filed a Motion to Proceed Without Prepayment of Fees and his Complaint.[2] (Document Nos. 1 and 2.) Plaintiff names the following as Defendants: (1) Officer C.J. Teubert, Lewisburg Police Department; (2) Attorney Jeff Rodgers; (3) Jennifer P. Dent, Assistant Prosecutor for Greenbrier County; (4) Terry Hoylman, Agent of the Department of Health and Human Resources; (5) Michael Gravely, Magistrate of Monroe County; (6) Richard W. Hulmes, Agent of the Department of Health and Human Resources; (7) Attorney William D. Turner; (8) Attorney Geoffrey S. Wilcher; (9) Judge James Rowe, Circuit Court Greenbrier County; (10) Officer Vance, Lewisburg City Police Department; and (11) Officer Kuhn, Lewisburg City Police

---

[1]  The Court notes that Plaintiff joins his three minor children as Plaintiffs in the above action. Rule 17(c)(1) of the Federal Rules of Civil Procedure provides that "[t]he following representatives may sue or defend on behalf of a minor or an incompetent person: (A) a general guardian; (B) a committee; (C) a conservator; or (D) a like fiduciary." Plaintiff, however, acknowledges in his Complaint that his parental rights to the children were terminated. Accordingly, Plaintiff may not sue on behalf of his children.

[2]  Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Department. (Id., pp. 10 - 11.) Plaintiff alleges that Defendants improperly took custody of his minor children in violation of his rights to equal protection and due process. (Id., p. 9.) Plaintiff further contends that his counsel was ineffective in representing him during the abuse and neglect proceedings. (Id., p. 14.) Plaintiff explains that Defendants committed fraud because he did not receive proper notice of the abuse and neglect proceedings pursuant to W. Va. Code § 49-6-1(B). (Id., pp. 13 - 14.) Plaintiff claims that he "signed [his] rights away, so [his] son could stay with family." (Id., p. 14.) Although Plaintiff objected, Judge Rowe granted custody of two of Plaintiff's children to the maternal grandmother, JoAnn Navarro. (Id., pp. 16 - 17, 19.) Plaintiff contends that this placement was improper because "Mr. Navarro was a child molester." (Id., p. 17.) Plaintiff, therefore, argues that Defendants violated their responsibilities "to insure the safety and welfare of these minor children." (Id., pp. 17 - 18.) Plaintiff claims that an adequate investigation by Defendants would have revealed that "Mrs. Navarro has had all her children taken from her home at one time or another by Washington State Child Protection Services." (Id., p. 18.) Additionally, Plaintiff alleges that Judge Rowe improperly "approved Defendant Jennifer P. Dent's petition to place James W.G. Wooden into a home other than his family because of hate and prejudice against [Plaintiff]." (Id., p. 19.) Plaintiff asserts that "[t]his was not a judicial act by this judge, it was a racist, prejudice, corrupt use of power which is an act absence of all jurisdiction." (Id., p. 20.) Finally, Plaintiff contends that Defendants conspired and falsely convicted Plaintiff of a criminal offense so that his parental rights would be terminated. (Id., pp. 21 - 24, 27 - 28.) Plaintiff requests injunctive relief and monetary damages. (Id., pp. 29 - 32.)

On August 27, 2009, Plaintiff filed an Amended Complaint. (Document No. 5.) Plaintiff states that he "respectively adds Officer Vance of the Lewisburg City Police Department and Officer

Kuhn of the Lewisburg City Police Department to this action." (Id., p. 1.) Plaintiff again alleges that "[t]wo of the three minor children . . . are placed in a home where there is a convicted sex offender residing." (Id., p. 2.) Plaintiff states that "[t]his action is brought for the safe return of the minor children to Plaintiff James G. Woodson's family (i.e. Semike Roman)." (Id.) Plaintiff alleges that Defendants Vance and Kuhn violated his constitutional rights by failing to provide Plaintiff's children "a safe place to live from the threat of sexual molestation and abuse." (Id.) Specifically, Plaintiff claims that "Officer Vance and Officer Kahn committed abuse, trespassing, physical force, and violence against Shemike Roman where the children were intended to go." (Id., pp. 2, 9 - 10.) Plaintiff contends that Defendant Vance and Kahn's actions resulted in the children being placed in the care of the Navarro family, who moved the children to the State of Washington. (Id., p. 4.) Plaintiff, therefore, argues that Defendants "were involved in Interstate Transporting of Minors for Sexual Acts and Abuses." (Id.) Plaintiff again requests injunctive relief and monetary damages.[3] (Id., p. 13.)

## ANALYSIS

Federal Courts are Courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Title 28 USC. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction over cases involving federal questions and diversity of citizenship. Title 28 U.S.C. §1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. §1332 provides that the District Courts shall

---

[3] The undersigned notes that Plaintiff has initiated four other suits in this Court since 2004.

have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28 U.S.C. §1332(a)(1).[4]   In the instant matter, Plaintiff alleges Section 1332 as the basis for the District Court's jurisdiction. (Document No. 2, p. 10.) Plaintiff appears to contend that the amount in controversy exceeds $75,000 and there is diversity of citizenship between the parties. (Id., pp. 10 - 11.) Section 1332, however, requires complete diversity of citizenship between the adverse parties. See Owen Equip., & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274(1978). "[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." Id.; also see Wisconsin Dept. Of Corrections v. Schacht, 524 U.S. 381, 388, 118 S.Ct. 2047, 2052, 141 L.Ed.2d 364 (1998)("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State."). "The statute establishing diversity jurisdiction is to be strictly construed and all doubts are to be resolved against

---

[4] Title 28, U.S.C. §1332 specifically provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

(1) citizens of different states;

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

federal jurisdiction." Frontier Energy Corp. v. Broda, 882 F.Supp. 82, 85 (N.D.W.Va. 1995). For purposes of diversity jurisdiction, an individual's citizenship has been equated to the place of domicile. See Linville v. Price, 572 F.Supp. 345 (D.C.W.Va. 1983). Plaintiff acknowledges that he is a resident of West Virginia. (Document No. 2, p. 10.) Plaintiff further alleges that all Defendants are residents of West Virginia. (Id., pp. 10 - 11.) Therefore, this Court clearly lacks jurisdiction pursuant to Section 1332.

Construing the Complaint liberally, the Court will consider Plaintiff's Complaint as an attempt to proceed under Section 1331 as he indicates that he was denied equal protection and due process in the Circuit Court of Greenbrier County, West Virginia. A thorough review of the Complaint, however, reveals that Plaintiff is attempting to appeal or re-litigate a child custody hearing decided in the Circuit Court of Greenbrier County. Accordingly, the undersigned finds that Plaintiff's Complaint is improper and should be dismissed for a number of reasons.

**1.      Domestic Relations Exception.**

The undersigned finds that the "domestic relations exception" to federal jurisdiction applies to Plaintiff's claims. See Ankenbrandt v. Richards, 504 U.S. 689, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992); Barber v. Barber, 62 U.S. 582, 1858 WL 9327, 16 L.Ed. 226 (1858). In Ankenbrandt, the Supreme Court held that "the domestic relations exception, as articulated by this Court since *Barber*, divests the federal court of power to issue divorce, alimony, and child custody decrees." Ankenbrandt, 504 U.S. at 703-04, 112 S.Ct. at 2215. The Supreme Court explained as follows:

> Not only is our conclusion rooted in respect for this long-held understanding, it is also supported by sound policy considerations. Issuance of decrees of this type not infrequently involves retention of jurisdiction by the court and the deployment of social workers to monitor compliance. As a matter of judicial economy, state courts are more eminently suited to work of this type than federal courts, which lack the close association with state and local government organizations dedicated to

> handling issues that arise out of conflicts over divorce, alimony and child custody decrees. Moreover, as a matter of judicial expertise, it makes far more sentence to retain the rule that federal courts lack power to issue these types of decrees because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees.

Id. In the instant case, Plaintiff is dissatisfied with the child custody decree issued by the Circuit Court of Greenbrier County, West Virginia. Although Plaintiff appears to raise his claims as one of due process and equal protection, he is actually requesting that this Court invalidate a State Court's order regarding the termination of his parental rights and the granting of custody to non-family members. As part of his relief, Plaintiff specifically requests that this Court order that his children be returned to the State of West Virginia and arrangements be made for his children "to be placed in the home of one, Shemike Roman or other Woodson family members." (Document No. 2, p. 29 and Document No. 5, p. 13.) Accordingly, the undersigned recommends that the District Court invoke the domestic relations exception and dismiss the case for lack of subject matter jurisdiction.

2.    *Rooker-Feldman* **Doctrine.**

"Under the *Rooker-Feldman* doctrine, lower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997)(citing District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 482-86, 103 S.Ct. 1303, 1314-17, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923)); also see Friedman's Inc. v. Dunlap, 290 F.3d 191, 196 (4th Cir. 2002)(quoting Jordahl v. Democratic Party of Va., 122 F.3d 191, 196 (4th Cir. 2002)("[F]ederal courts are divested of jurisdiction 'where entertaining the federal claim should be the equivalent of an appellate review of the state court order.'")). The Fourth Circuit has explained that "the *Rooker-*

*Feldman* doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." Davani v. Virginia Dept. of Transp., 434 F.3d 712, 713 (4th Cir. 2006). In the instant case, Plaintiff is essentially asking this Court to review and reject the findings of the Circuit Court of Greenbrier County. In support of his request, Plaintiff alleges that Judge Rowe improperly terminated his parental rights and granted custody to non-family members, who were unfit custodians. Plaintiff claims that Judge Rowe and the remaining Defendants committed fraud in the process of terminating his parental rights because proper notice was not provided to Plaintiff. Finally, Plaintiff challenges the adequacy of evidence presented during the abuse and neglect proceedings. Plaintiff requests, as part of his relief, that the Court make arrangements for Plaintiff's children to be removed from their current placements and custody be granted to members of Plaintiff's family. Thus, Plaintiff essentially requests that this Court invalidate the Circuit Court's Order terminating Plaintiff's parental rights and granting custody of the children to non-family members.[5] Accordingly, the undersigned finds that the *Rooker-Feldman* Doctrine precludes Plaintiff's indirect attempt to appeal a State court decision to this Court.

**3.    Judicial Immunity.**

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine in Bradley v. Fisher, 20 L. Ed. 646 (1872)." Imbler v. Patchman, 424 U.S. 409, 419 (1976). Judicial immunity does not attach when a judicial officer acts in the clear absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d

---

[5] Plaintiff alleges that custody of two of his children was granted to the Navarro family and custody of the remaining child was granted to the Marshall family.

7

331 (1978); <u>Pressly v. Gregory</u>, 831 F.2d 514, 517 (4th Cir. 1987). The doctrine of judicial immunity, however, "attaches even if the act in question was in excess of [the judge's] authority." <u>Jackson v. Houck</u>, 181 Fed. App'x 372, 372 (4th Cir. 2006) (<u>quoting</u> <u>Mireles v. Waco</u>, 502 U.S. 9, 12-13 (1991)). "This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." <u>Id.</u> (adopting doctrine of absolute judicial immunity in Section 1983 actions) (internal citation omitted). Based upon the allegations contained in the Complaint, the undersigned finds that Judge Rowe is absolutely immune from suit. Plaintiff first appears to argue that Judge Rowe acted without jurisdiction in terminating Plaintiff's parental rights and allowing the children to be adopted by non-family members. In West Virginia, Circuit Court Judges (1) have jurisdiction over abuse and neglect proceedings (W. Va. Code 49-6-1, *et. seq.*), and (2) are empowered to preside over adoption proceedings (W. Va. Code 48-22-101, *et. seq.*). Plaintiff next contends that Judge Rowe is not entitled to judicial immunity because he "acted with hate and prejudice against [Plaintiff]." (Document No. 2, p. 19.) As stated above, judges have absolute immunity for their judicial acts even when the judge is accused of acting maliciously and corruptly. Accordingly, Plaintiff's claim against Judge Rowe must be dismissed.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion to Proceed Without Prepayment of Fees (Document No. 1.), **DISMISS** Plaintiff's Complaint (Document Nos. 2 and 5.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*, and counsel of record.

Date: October 21, 2010.

R. Clarke VanDervort
United States Magistrate Judge

9