IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JAMES GILBERT WOODSON, et al.,

                Plaintiff,

v.                               CIVIL ACTION NO.  5:07-cv-00782

C. J. TEUBERT, et al.,

                Defendants.

MEMORANDUM OPINION AND ORDER

By Order [Docket 4] entered on January 8, 2008, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). On October 21, 2010, the Magistrate Judge submitted Proposed Findings and Recommendation ("PF & R") [Docket 7] wherein it is recommended that this Court deny Plaintiff's Application to Proceed Without Prepayment of Fees [Docket 1], dismiss Plaintiff's Complaint and Amended Complaint [Dockets 2, 5] and remove this matter from the Court's docket.  Plaintiff filed objections to the PF&R on November 8, 2010.

I.

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).

However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R *de novo*, the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

## II.

Plaintiff purports to bring this lawsuit on behalf of his minor children. However, as noted by the magistrate judge in the PF&R, Plaintiff asserts that his parental rights to the children have been terminated. Thus, he may not sue on behalf of his children and the Court construes his Complaint to have been brought by Plaintiff alone.[1]

Plaintiff filed his Complaint on December 4, 2007, naming C.J. Teubert, Jeff Rodgers, Jennifer P. Dent, Terry Hoylman, Michael Gravely, Richard Hulmes, William D. Turner, Geoffrey S. Wilcher and Judge James Rowe as defendants. In his Complaint Plaintiff asserts that he was illegally arrested in October 2003 by Defendant C.J. Teubert of the Lewisburg Police Department and falsely charged with committing domestic violence upon his son, James W. G. Woodson, and

---

[1] Rule 17(c)(1) of the Federal Rules of Civil Procedure provides that only a general guardian, committee, conservator or like fiduciary may sue on behalf of a minor.

other drug related charges.  (Compl. ¶¶ 17-18).  He states that he has been "held in jail and prison for four (4) years after being indicted" without a trial.  (Compl. ¶ 25).

While he was in jail, Plaintiff asserts that an attorney for the Department of Health and Human Services began the process to terminate his parental rights.  He states that without notice and, therefore, in violation of West Virginia Code Section 49-6-1, he was transported from jail to the termination hearing where he was told that if he signed away his rights to his son, his son would be placed with family.  (Compl. ¶¶ 29-35, 39-40).  The outcome of the hearing was the termination of Plaintiff's parental rights to his son and the placement of his son in foster care.  (Compl. ¶ 50).

It was also determined that Plaintiff's two other children would live with their maternal grandparents in the state of Washington, although it is unclear from the Complaint whether Plaintiff still had parental rights to those children at the time of the hearing or if this determination took place at an earlier time.  (Compl. ¶ 61-63).  Plaintiff asserts that the children's maternal grandfather is an unregistered sex offender and that his children are in danger.  (Compl. ¶¶ 82-83).

During the parental rights hearing, Plaintiff was represented by his appointed attorney, Defendant Jeffrey Rodgers, who he asserts committed fraud by conspiring to prevent his son from being placed with family.  Although there are allegations of false arrest and false imprisonment in his Complaint, Plaintiff's principal complaints appear to be that he was not given notice prior to his parental rights determination hearing, that his appointed attorney failed to alert the court to the improper notice, and that two of his children have been placed in a dangerous home out of state.  The defendants are the police officers, DHHR agents, attorneys and judicial officers alleged to be involved in these events.

On August 27, 2009, Plaintiff amended his Complaint to add two defendants, Officer Vance and Officer Kuhn, both officers employed by the Lewisburg City Police Department.  Plaintiff appears to assert claims against these officers for violations committed against Shemike Roman, a member of Plaintiff's family.  Plaintiff asserts that these violations, including assault and battery, were committed against Shemike Roman in retaliation for Plaintiff's instant civil lawsuit, and to inhibit someone who may have been able to accept guardianship of his children.

III.

In the PF&R, the magistrate judge found that the Court lacks jurisdiction to hear this case for several reasons.  First, although Plaintiff asserts that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, complete diversity of citizenship among the parties to this case is lacking. Construing Plaintiff's *pro se* Complaint liberally, the magistrate judge considered his Complaint as one brought under federal question jurisdiction pursuant to 28 U.S.C. § 1331.

The magistrate judge found that the "domestic relations exception" to federal jurisdiction applies to preclude jurisdiction because Plaintiff's Complaint is an attempt to "appeal or re-litigate a child custody hearing decided in the Circuit Court of Greenbrier County."  (PF&R at 5). Accordingly, he found that although Plaintiff alleges violations of equal protection and due process, "he is actually requesting that this Court invalidate a State Court's order regarding the termination of his parental rights and granting of custody to non-family members."  (PF&R at 6).   The magistrate judge also found that the Court lacks jurisdiction to review the findings of the Circuit Court of Greenbrier County under the Rooker-Feldman doctrine, which dictates that jurisdiction to review state court decisions generally "lies exclusively with superior state courts and, ultimately, the United States Supreme Court."  *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997).

4

Finally, the magistrate judge found that Judge Rowe had proper jurisdiction over the proceedings Plaintiff complains of and that he is entitled to absolute immunity and must be dismissed from this case. (PF&R at 8). For those reasons the magistrate judge recommends that this Court deny Plaintiff's Application to Proceed Without Prepayment of Fees, dismiss his Complaint and remove this matter from the Court's docket.

On November 8, 2010, Plaintiff filed his objections to the PF&R. In his objections, Plaintiff reasserts that the proceedings terminating his parental rights and appointing guardianship of his children violated sections of the West Virginia Code. He objects to the magistrate judge's findings of a lack of diversity and federal question jurisdiction inasmuch as the placement of his children into a home of a convicted child molester constitutes the offense of "transporting a minor in interstate commerce with the intent that such individual engage in prohibited sexual conduct, in violation of 18 U.S.C. 2423 subsection (A)." (Obj. at 5). He also asserts that the placement of his children into a dangerous situation constitutes cruel and unusual punishment in violation of the Eighth Amendment to the Constitution of the United States.

He further states that an exception to diversity jurisdiction supported by the Court of Appeals' decision in *Wasserman v. Wasserman*, 671 F.2d 832 (4th Cir. 1982) applies in this case, allowing him to bring this suit on behalf of his minor children. He goes on to assert that his claims are not precluded by the domestic relations exception because hearing this case would not require the Court to "adjust family status or to establish duties under family relations law or to determine whether or not such duties had been breached." In support, he cites *Wasserman* and *Cole v. Cole*, 633 F.2d 1083, 1087-89 (4th Cir. 1980). (Obj. at 6-7).

Plaintiff also asserts that this Court has jurisdiction to hear his case because the proceedings terminating his parental rights violated his constitutional due process rights.  Finally, Plaintiff objects to the magistrate judge's determination that Defendant Judge Rowe is entitled to judicial immunity because Judge Rowe "acted in the behalf of outside interest" and "used his position to separate a family so as to defuse a lawsuit as plaintiffs in this suit are plaintiffs in another action." (Obj. 10).

IV.

United States Code Chapter 28, Section 1915, permits the Court to authorize the commencement of a civil action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."  This section serves to provide indigent plaintiffs access to the judicial system.  28 U.S.C. § 1915 (a)(1).  However, the Court may dismiss the case if, at any time, it "determines that –

(A) the allegation of poverty is untrue; or

(B) the action or appeal--

     (I) is frivolous or malicious;

     (ii) fails to state a claim on which relief may be granted; or

     (iii) seeks monetary relief against a defendant who is immune from such relief."

28 U.S.C. § 1915(e)(2).

The Court has reviewed Plaintiff's *pro se* Complaint, bearing in mind that it should be liberally construed.  *See Brown v. North Carolina Dept. of Corrections*, 612 F.3d 720, 722 (4th Cir.

6

2010). Notwithstanding this approach, the Court finds that the Complaint does not contain allegations that would invoke this Court's jurisdiction. As set forth generally at 28 U.S.C. §§ 1331 and 1332, a federal district court has jurisdiction in civil actions arising under the Constitution, laws or treaties of the United States, or in civil actions where the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

As noted above, Plaintiff lacks the capacity to sue on behalf of his children, and Plaintiff himself, a West Virginia resident, is non-diverse from the Defendants, all alleged to be residents of West Virginia.[2] Plaintiff asserts in his objections that his Complaint alleges violations of the federal statute 18 U.S.C. § 2423 and the Eighth Amendment. Section 2423 criminalizes transportation of a minor with the intent for that individual to engage in sexual activity. In addition to Plaintiff's inability to assert claims on behalf of his children, his Complaint fails to assert that any of the defendants intended for the minor children to be transported for the purpose of engaging in sexual activity. Nor has he asserted any claim for relief under the Eighth Amendment or explained how the custody determinations constitute "cruel and unusual punishment."

In his objections, the Plaintiff cites *Rivera-Rondon v. Holder*, 340 Fed.Appx. 135 (4th Cir. 2009), in which the Court of Appeals reviewed a plaintiff's conviction for a violation of a Maryland statute which provides that "[a]n adult may not willfully contribute to, encourage, cause or tend to cause any act, omission, or condition that renders a child in need of assistance." *Rivera-Rondon*, 340 Fed.Appx. at 137. This opinion is not helpful to Plaintiff's case inasmuch as the Maryland law at issue has no application in West Virginia. Further, it did not confer federal jurisdiction upon the

---

[2]Inasmuch as diversity does not exist, the Court declines to address the "domestic relations exception" to federal diversity jurisdiction. *See Wasserman v. Wasserman*, 671 F.2d 832 (4th Cir. 1982).

Court, but rather the plaintiff's removal proceedings under immigration law were the source of the federal question.

For the reasons stated above, the Court lacks jurisdiction to hear Plaintiff's case.[3] Accordingly, the Court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge as contained in the Proposed Findings and Recommendation [Docket 7], and **ORDERS** that Plaintiff's Application to Proceed Without Prepayment of Fees [Docket 1] be **DENIED**. The Court further **ORDERS** that Plaintiff's Complaint [Docket 2] be **DISMISSED** and that this case be removed from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:          February 15, 2011

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[3]To the extent Plaintiff challenges a custody determination, or the process by which his parental rights were terminated, he may seek reversal or modification of the state court's final order through state channels.

8